UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

CONTINENTAL INDUSTRIES GROUP, INC.,              12 Civ. 6966 (ALC) (HP)

          Plaintiff and Counterclaim-Defendant,        (Related Action 12 Civ. 5599 (ALC) (HP))

                 -against-

FTS INTERNATIONAL SERVICES, LLC         **ANSWER TO COUNTERCLAIMS**
(f/k/a Frac Tech Services, LLC),

          Defendant and Counterclaim-Plaintiff.

-----------------------------------------------------------X

Plaintiff and Counterclaim-Defendant, Continental Industries Group, Inc. ("Plaintiff" or "CIG"), by its attorneys, LeClairRyan, A Professional Corporation, as and for its Answer to the Counterclaims (the "Counterclaims") of Defendant, FTS International Services, LLC (f/k/a Frac Tech Services, LLC) ("Defendant" or "FTS"), states as follows:

## THE PARTIES

1.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 1 of the Counterclaims.

2.       Admits the allegations contained in Paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3.       Paragraph 3 of the Counterclaims states a legal conclusion to which no response is required.

4.       Paragraph 4 of the Counterclaims states a legal conclusion to which no response is required and refers to the referenced supply agreement dated as of June 2, 2011 (the "Supply Agreement") for the complete contents thereof.

5.      Paragraph 5 of the Counterclaims states a legal conclusion to which no response is required and refers to the Supply Agreement for the complete contents thereof.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 6 of the Counterclaims.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 7 of the Counterclaims, except admits that FTS utilizes guar and guar products in connection with its business.

8.      Denies each and every allegation contained in Paragraph 8 of the Counterclaims, except admits that CIG sent an e-mail to FTS on March 16, 2010, and refers to the e-mail for the complete contents thereof.

9.      Denies each and every allegation contained in Paragraph 9 of the Counterclaims, except admits that CIG sent an e-mail to FTS on March 16, 2010, and refers to the e-mail for the complete contents thereof.

10.     Denies each and every allegation contained in Paragraph 10 of the Counterclaims, except admits that FTS and CIG discussed the possibility of entering into a long-term agreement concerning the supply of guar gum and other guar products and that the parties entered into the Supply Agreement, and refers to the Supply Agreement for the complete contents thereof.

11.     Denies each and every allegation contained in Paragraph 11 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

12.     Denies each and every allegation contained in Paragraph 12 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

13.     Denies each and every allegation contained in Paragraph 13 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

14.     Denies each and every allegation contained in Paragraph 14 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

15.     Denies each and every allegation contained in Paragraph 15 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

16.     Denies each and every allegation contained in Paragraph 16 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

17.     Denies each and every allegation contained in Paragraph 17 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

18.     Denies each and every allegation contained in Paragraph 18 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

19.     Denies each and every allegation contained in Paragraph 19 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

20.     Denies each and every allegation contained in Paragraph 20 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

21.     Denies each and every allegation contained in Paragraph 21 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

22.     Denies each and every allegation contained in Paragraph 22 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

23.     Denies each and every allegation contained in Paragraph 23 of the Counterclaims.

24.     Denies each and every allegation contained in Paragraph 24 of the Counterclaims, except admits that in November 2011 representatives of CIG met with representatives of FTS in Jodhpur, India.

25.     Denies each and every allegation contained in Paragraph 25 of the Counterclaims, except admits that CIG recommended to FTS that FTS consider purchasing, in advance, a stockpile of guar and avers that CIG subsequently recommended to FTS that FTS not proceed with the purchase for, among other reasons, it did not appear that the guar could be securely warehoused in India.

26.     Denies each and every allegation contained in Paragraph 26 of the Counterclaims, except admits that CIG sent notices to FTS in early 2012 indicating that two milestones under the Supplement Agreement had been met (the "Notices"), refers to the Notices for the complete contents thereof, and avers that CIG sought payment of the amounts owed to it by FTS.

27.     Denies each and every allegation contained in Paragraph 27 of the Counterclaims, except admits that, while in Jodhpur in November 2011, CIG introduced representatives of FTS to representatives of Shree Ram Hydrocolloids Private Limited ("Shree Ram Hydrocolloids"), which is the Indian Partner as defined in the Supply Agreement.

28.     Denies each and every allegation contained in Paragraph 28 of the Counterclaims, except admits that in or about November 2011 CIG showed representatives of FTS the Facility referenced in the Supply Agreement and that the parties discussed the progress of the Facility, in

accordance with the terms of the Supply Agreement, and refers to the Supply Agreement for the complete contents thereof.

29.    Denies each and every allegation contained in Paragraph 29 of the Counterclaims, except admits that as of November 2011, CIG had not yet provided FTS with the Notices, and refers to the Notices for the complete contents thereof.

30.    Denies each and every allegation contained in Paragraph 30 of the Counterclaims, except admits that on January 23, 2012, CIG sent FTS the Notices and refers to the Notices for the complete contents thereof.

31.    Denies each and every allegation contained in Paragraph 31 of the Counterclaims, except admits that in February and March of 2012 CIG discussed with FTS the progress of the Facility, and refers to the Supply Agreement for the terms thereof.

32.    Denies each and every allegation contained in Paragraph 32 of the Counterclaims, except admits that in or about May 2012, CIG discussed with FTS the progress of the Facility, and refers to the Supply Agreement for the terms thereof.

33.    Denies each and every allegation contained in Paragraph 33 of the Counterclaims, except admits that CIG did not provide FTS with written notice of the Facility Completion Date or the Facility Equipment Date because FTS wrongfully purported to terminate the Supply Agreement on July 2, 2012.

34.    Denies each and every allegation contained in Paragraph 34 of the Counterclaims, and avers that construction of the Facility is complete and that the Facility would have been able

5

to produce Product, in accordance with the Supply Agreement, if FTS had not wrongfully purported to terminate the Supply Agreement on July 2, 2012.

35.     Denies each and every allegation contained in Paragraph 35 of the Counterclaims, except admits that CIG recommended to FTS that FTS consider purchasing, in advance, a stockpile of guar and avers that CIG subsequently recommended to FTS that FTS not proceed with the purchase for, among other reasons, it did not appear that the guar could be securely warehoused in India and refers to the quoted communication for the complete contents thereof.

36.     Denies each and every allegation contained in Paragraph 36 of the Counterclaims, except admits that CIG recommended to FTS that FTS consider purchasing, in advance, a stockpile of guar and avers that CIG subsequently recommended to FTS that FTS not proceed with the purchase for, among other reasons, it did not appear that the guar could be securely warehoused in India and refers to the quoted documents for the complete contents thereof.

37.     Denies each and every allegation contained in Paragraph 37 of the Counterclaims, except admits that CIG recommended to FTS that FTS consider purchasing, in advance, a stockpile of guar, avers that CIG subsequently recommended to FTS that FTS not proceed with the purchase for, among other reasons, it did not appear that the guar could be securely warehoused in India, and refers to the Supply Agreement for the complete contents thereof.

38.     Denies each and every allegation contained in Paragraph 38 of the Counterclaims, except admits that CIG recommended to FTS that FTS consider purchasing, in advance, a stockpile of guar, avers that CIG subsequently recommended to FTS that FTS not proceed with the purchase for, among other reasons, it did not appear that the guar could be securely

warehoused in India, and refers to the Supply Agreement and the quoted document for the complete contents thereof.

39.     Denies each and every allegation contained in Paragraph 39 of the Counterclaims.

40.     Denies each and every allegation contained in Paragraph 40 of the Counterclaims.

41.     Denies each and every allegation contained in Paragraph 41 of the Counterclaims, except admits that in early 2012, CIG had discussions with FTS concerning Shree Ram Hydrocolloids.

42.     Denies each and every allegation contained in Paragraph 42 of the Counterclaims, except admits that FTS requested that CIG arrange another meeting with Shree Ram Hydrocolloids in March 2012 and for representatives of FTS to make another visit to the Facility in Jodhpur, and refers to the quoted e-mail for the complete contents thereof.

43.     Denies each and every allegation contained in Paragraph 43 of the Counterclaims and refers to the quoted e-mail for the complete contents thereof.

44.     Denies each and every allegation contained in Paragraph 44 of the Counterclaims and refers to the Supply Agreement for the complete contents thereof.

45.     Denies each and every allegation contained in Paragraph 45 of the Counterclaims, except avers, on information and belief, that on or about August 22, 2012, Shree Ram Gum Chemicals Ltd./Shree Ram Colloids Private Limited (collectively, "Shree Ram Gum") notified FTS that a separate and completely unrelated one-year marketing agreement previously entered into with CIG had expired, and that the expiration of that marketing agreement was entirely

unrelated to the Supply Agreement, and refers to that communication for the complete contents thereof.

46.     Denies each and every allegation contained in Paragraph 46 of the Counterclaims, except admits, on information and belief, that Shree Ram Hydrocolloids owns the Facility, and avers that CIG did not provide written notice to FTS of any purported "loss of access to the Facility" because CIG has not lost access to the Facility, and refers to the Supply Agreement for the complete contents thereof.

47.     Denies each and every allegation contained in Paragraph 47 of the Counterclaims, except admits that as of June 2012 no product had been produced under the Supply Agreement, and specifically avers that CIG has an Indian Partner, that the Facility was constructed, and that the Facility would have been able to produce Product, in accordance with the Supply Agreement, if FTS had not wrongfully purported to terminate the Supply Agreement on July 2, 2012.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Counterclaims, and refers to the Supply Agreement for the complete contents thereof.

49.     Denies each and every allegation contained in Paragraph 49 of the Counterclaims, and avers that as of the time of FTS's improper purported termination of the Supply Agreement, CIG had performed each and every one of its obligations thereunder.

### AS AND FOR A FIRST COUNTERCLAIM FOR RELIEF

50.     Repeats and realleges each of the aforementioned admissions and denials as if set forth at length herein.

51.     Admits the allegations contained in Paragraph 51 of the Counterclaims.

52.     Denies each and every allegation contained in Paragraph 52 of the Counterclaims.

53.     Denies each and every allegation contained in Paragraph 53 of the Counterclaims.

54.     Denies each and every allegation contained in Paragraph 54 of the Counterclaims.

## AS AND FOR A SECOND COUNTERCLAIM FOR RELIEF

55.     Repeats and realleges each of the aforementioned admissions and denials as if set forth at length herein.

56.     Denies each and every allegation contained in Paragraph 56 of the Counterclaims, and refers to the Supply Agreement for the complete contents thereof.

57.     Denies each and every allegation contained in Paragraph 57 of the Counterclaims.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Counterclaims.

59.     Denies each and every allegation contained in Paragraph 59 of the Counterclaims.

60.     Denies each and every allegation contained in Paragraph 60 of the Counterclaims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent FTS has suffered any injury or damages, it has failed to mitigate its injury or damages.

## THIRD AFFIRMATIVE DEFENSE

To the extent FTS has suffered any injury or damages, it has not suffered any injury or damages on account of any conduct on the part of CIG.

## FOURTH AFFIRMATIVE DEFENSE

To the extent FTS has suffered any injury or damages, the proximate cause of FTS's injury or damages was its own self-inflicted conduct, namely, the wrongful purported termination of the Supply Agreement on July 2, 2012.

## FIFTH AFFIRMATIVE DEFENSE

FTS's recovery of any purported damages must be reduced under the doctrines of setoff and/or recoupment.

## SIXTH AFFIRMATIVE DEFENSE

FTS's Counterclaims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

WHEREFORE, CIG demands that judgment be entered dismissing the Counterclaims in their entirety, that CIG be awarded its costs and its attorneys' fees relating to the Counterclaims and that it be awarded such other and further relief as is just and proper.

Dated: New York, New York
November 30, 2012

LeClairRyan, A Professional Corporation

By:

Thomas E. Butler
E-mail: Thomas.Butler@leclairryan.com
Nathan A. Goldberg
E-mail: Nathan.Goldberg@leclairryan.com
885 Third Avenue, 16th Floor
New York, New York 10022
(212) 697-6555

*Attorneys for Plaintiff*
*CONTINENTAL INDUSTRIES GROUP, INC.*